**SO ORDERED.**

**SIGNED this 26 day of August, 2015.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| WILLIAM FRANCIS WINTER<br>KELLIANNE MARIE WINTER,<br>    Debtors | CASE NO. 14-07455-5-DMW |

| | |
|---|---|
| WILLIAM FRANCIS WINTER AND    )<br>KELLIANNE MARIE WINTER A/K/A  )<br>KELLI COCORAN OR KELLI M.        )<br>WINTER,                                             )<br>    Plaintiffs                                     )<br>                                                          )<br>    v.                                                    )<br>                                                          )<br>SUDDENLINK,                                   )<br>    Defendant                                    ) | ADVERSARY PROCEEDING<br>NO. 15-00013-5-DMW |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

This matter comes on to be heard upon the Motion to Dismiss filed by Cebridge Acquisition, L.P. d/b/a Suddenlink Communications ("Defendant") on April 15, 2015 and the Response in Opposition to Motion to Dismiss filed by William Francis Winter and Kellianne Marie

Winter a/k/a Kelli Cocoran or Kelli M. Winter ("Plaintiffs") on May 26, 2015. The court conducted a hearing in Raleigh, North Carolina on July 21, 2015 ("Hearing"). Reed J. Hollander, Esq. appeared for the Defendant, and Matthew W. Buckmiller, Esq. appeared for the Plaintiffs. Based upon the pleadings and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Plaintiffs filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 23, 2014 and scheduled the Defendant as a creditor in the case. On January 7, 2015, the Defendant filed a Proof of Claim for the amount of $432.91 ("Proof of Claim"). Attached to the Proof of Claim were documents disclosing, without redaction, the Plaintiffs' personal information, including their social security numbers.

3. On January 26, 2015, the Plaintiffs filed an *Ex-Parte* Motion to Seal Proof of Claim, requesting that public access to the Proof of Claim be restricted and that the Defendant be required to amend the Proof of Claim to provide redaction of the social security numbers and other personal information. On January 28, 2015, the court entered an Order Restricting Public Access to Proof of Claim granting the protective relief.

4. On February 13, 2015, the Plaintiffs initiated this adversary proceeding. The Plaintiffs seek relief and damages for violation of the North Carolina Identity Theft Protection Act ("NCITPA"), specifically violation of N.C. Gen. Stat. §75-62 ("First Claim for Relief") and violation of N.C. Gen. Stat. § 75-66 ("Second Claim for Relief"). The Plaintiffs also seek relief

and damages for violation of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. § 75-1.1 ("Third Claim for Relief"), and negligence ("Fourth Claim for Relief"). In addition, the Plaintiffs' Motion for Contempt and Sanctions contained within the Complaint seeks contempt and sanctions against the Defendant, pursuant to 11 U.S.C. § 105(a), for Defendant's failure to comply with the redaction requirements of Rule 9037 of the Federal Rules of Bankruptcy Procedure.

5. On April 15, 2015, the Defendant filed its Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The Defendant asserts that the Plaintiffs' state law claims for relief set forth in the Complaint are preempted by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Alternatively, the Defendant alleges that the Plaintiffs failed to establish sufficient facts to support their claims.

6. At the Hearing, the court continued the Motion for Contempt and Sanctions and heard arguments of counsel pertaining to the Motion to Dismiss and viability of the claims for relief sought in the Complaint.

7. The court will first address the Defendant's assertion that the Plaintiffs' state law claims are preempted by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. "The Supremacy Clause and the doctrine of preemption invalidate state statutes to the extent they are inconsistent with or contrary to the purposes or objectives of federal law." *Sheehan v. Peveich*, 574 F.3d 248, 252 (4th Cir. 2009) (citations omitted).

8. The Defendant argues that allowing the Plaintiffs to seek damages under the NCITPA or the North Carolina Unfair and Deceptive Trade Practices Act is inconsistent with and

contrary to the purpose of the ability to seek relief under 11 U.S.C. § 105(a) for the violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure. The court disagrees.

9. This court very recently addressed in length whether the Bankruptcy Code preempts certain state court causes of action and specifically held that alleged violations of the North Carolina Debt Collection Act are not preempted. *Waggett v. Select Portfolio Servicing, Inc. (In re Waggett),* 2015 WL 1384087 (Bankr. E.D.N.C. Mar. 23, 2015). In reaching this conclusion, the court found guidance in *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599, 609 (E.D. Pa. 2006) in which the United States District Court for the Eastern District of Pennsylvania held that the Bankruptcy Code did not preempt claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law and Fair Credit Extension Uniformity Act. The *Dougherty* court reasoned:

> Plaintiff's state law claims do not presuppose violations of the Bankruptcy Code. Consequently, there is no risk of conflict between enforcement of the state laws and enforcement of the federal bankruptcy laws. *Indeed, merely because a Plaintiff brings a state law claim in the context of a bankruptcy matter does not justify preemption of those claims, particularly where the underlying facts of the state law claim are not based on a violation of the Code. . .*
>
> . . . There is thus little risk that allowing Plaintiff's state law claims for breach of contract and unfair trade practices to go forward will disrupt the uniform application of the federal bankruptcy laws or contravene congressional purpose.

*Id.* (emphasis added).

10. Similarly in the present case, the Plaintiffs' allegations of violation of North Carolina laws do not presuppose any violation of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure, and the allegations are separate and apart under state law. The court does not see any conflict between the enforcement of the state laws and its required enforcement of Rule 9037 of the Federal Rules of Bankruptcy Procedure.

11. The previously entered Order Restricting Public Access to Proof of Claim is not the sole remedy available to the Plaintiffs for alleged damages resulting from the unredacted Proof of Claim, and the court finds little risk in allowing the state claims to proceed as that jurisdiction will unlikely disrupt the uniform application of bankruptcy laws.

12. Turning to the merits of the Complaint, Rule 12 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure, allows a party to seek dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

13. The NCITPA provides that a business may not "[i]ntentionally communicate or otherwise make available to the general public an individual's social security number." N.C. Gen. Stat. § 75-62(a)(1) (2005). In their First Claim for Relief, the Plaintiffs allege that the Defendant's filing of its Proof of Claim intentionally communicated, or otherwise made available, the Plaintiffs' social security numbers to the general public.

14. The Proof of Claim was filed through Case Management/Electronic Case Files ("CM/ECF") which is a password protected system. One must register with CM/ECF and must log in to obtain access to the system. Although it may not be difficult to obtain an account, files maintained on CM/ECF are not readily available or broadcast to the general public. The filing of the Proof of Claim in CM/ECF is not an intentional communication or broadcast to the general public because of the limited access to CM/ECF.

15. The safe harbor provisions of N.C. Gen. Stat. § 75-62 except "providing the social security number to a federal, state, or local government entity, including a law enforcement agency, *court*, or their agents or assigns." N.C. Gen. Stat. § 75-62(b)(6) (2005) (emphasis added). The Proof of Claim was filed directly with this federal court; therefore, the inclusion of unredacted social security numbers cannot be in violation of the NCITPA.

16. The NCITPA also forbids "any person to knowingly broadcast or publish to the public . . . the personal information of another with actual knowledge that the person whose personal information is disclosed has previously objected to any such disclosure." N.C. Gen. Stat. § 75-66(a) (2012). The Second Claim for Relief seeks damages for violation of this statute; however, the Plaintiffs have not provided evidence of any prior objection to the disclosure of their personal information. The court finds the purpose of this law to allow "one bite" or violation before relief can be sought, and the court cannot find any allegation of a prior violation that would allow the Defendant to know that the Plaintiffs objected previously to the disclosure of their personal information contained in the Proof of Claim.

17. In the Third Claim for Relief, the Plaintiffs assert that Defendant's filing of the Proof of Claim violates the NCUDTPA which prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce. . . ." N.C. Gen. Stat. § 75-1.1(a) (1977). The bankruptcy court is not a commercial entity engaged in commerce. The court is not selling or marketing anything but exists for the specific Congressional purpose of adjudicating bankruptcy matters as provided in the *United States Constitution*. Accordingly, the Defendant's filing of the Proof of Claim cannot be considered as occurring in or affecting commerce.

18. Although the Plaintiffs have not sufficiently plead any claims for relief under either the NCITPA or NCUDTPA, the court will allow this action to move forward on the Fourth Claim for Relief alleging negligence. The Complaint alleges that the Defendant was negligent in failing to redact personal information contained in the Proof of Claim. At a minimum, the Plaintiffs have likely suffered damages for the amount of the attorneys' fees associated with the filing of the *Ex-Parte* Motion to Seal Proof of Claim, and the Fourth Claim for Relief shall survive the Motion to Dismiss; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Defendant's Motion to Dismiss is granted with respect to the First Claim for Relief, the Second Claim for Relief, and the Third Claim for Relief and is denied with respect to the Fourth Claim for Relief.

**END OF DOCUMENT**